We'll move to our third case, United States v. Taylor. Mr. Mullins? May it please the court, my name is Brian Mullins and I represent Christopher Taylor, the appellant in this case. Mr. Taylor's supervised release was revoked for three reasons. He committed a battery and he was convicted of that offense in the Milwaukee County Circuit Court. He had three positive tests for using cocaine and he failed to report to his probation officer on one occasion. The revocation hearing in federal court was held after the state court trial. Mr. Taylor received a three-year sentence on the battery in state court. In light of what I believe the defense and the government considered a lengthy sentence in state court, both parties recommended to the district court that the court essentially look at only the grade C offenses, the drug use and the failure to report to the probation officer in fashioning a sentence. The government recommended an eight-month sentence. The defense recommended a six-month sentence. The guidelines for a grade C offense were eight to 14 months as opposed to the guidelines for a grade A offense which were 51 to 63 months. The government specifically told the district court that it believed that the sentence in state court dealt with the need for just punishment resulting from the battery between Mr. Taylor and his wife and also provided for the need to protect the public. And the defense also noted the long sentence in state court and that an additional punishment for the battery was not necessary in light of that long sentence. The district court rejected the parties' arguments and stated the court is asked, this is a quote, that this serious offense has been dealt with, has to consider that this offense or offenses serious offense has been dealt with by the state court bench. And the court, even though it led to the revocation hearing, we should focus in on some of the other violations that would lower the sentencing guidelines from 51 to 63 months to eight to 14 months. The court's not going to do that. It's certainly going to consider this behavior in light of what the court is going to take up next. The court then addressed the circumstances of the offense and then a little bit later on page 12 of the transcript, the court commented on the state court sentence. So having, this is a quote, so having said all of that, what is the appropriate disposition here? It's not, not the one recommended here. It can't be. This is too, too substantial. A battery like this can't be overlooked simply because some judge gave you three years on the state bench. I'm a bit surprised at that because this was a jury finding. This wasn't something where there was a plea of guilty with extenuating circumstances and Ms. Bateman coming to testify at the sentencing that she cut herself while running. Quite surprised at that, particularly with a record, an arrest record of five previous violent behaviors and possession of weapons. We believe that in the context of the arguments that were made by the defense and the government and in light of the district court's comments, that the district court made a factual mistake in assuming that the three year sentence was on the low end of the sentencing options available to the state court. It's not a factual mistake. The judge just sees it differently than both the state judge and the state prosecutor in the manner in which the crime was charged and the government's evaluation and the defense evaluation of the seriousness of the conduct. He's entitled to see it as a more serious crime than the state court's treated it and as the parties before his court treated it. I think that's one way of looking at it, certainly, but I believe in the context of the parties advising the district court that both parties believe the state court sentence was sufficient. The judge is not bound by that. I understand that, but I think the court's comments indicate that the court did not understand that three and a half years was the maximum sentence available to the state court and had to fashion a sentence to remedy what the district court considered an insufficiently long sentence. I think the judge was, at least as I read the transcript, simply announcing his reasons for disagreeing with the recommendation of the parties as to how to evaluate the severity of the state crime, which was the driving factor in the revocation decision. And our position is that he disagreed with the parties because he thought a longer sentence was available to the state court. I don't see where you see that. He just thought three years was too low, too little. I think it's the comments that expresses surprise at a sentence of three years. Yeah, it is a surprise. It was undercharged. And it doesn't have anything to do with statutory limits or something. Well, I think given that three and a half years was the maximum sentence, I don't think surprise would have been the natural reaction to it. I don't understand. Suppose the state said the maximum sentence is three months. So couldn't a federal judge just say, he's given a three-month sentence for this battery? That's ridiculous. Well, I think then... That's a perfectly natural reaction having nothing to do with having to know what the state statutory ceiling is. I think then the court would more likely question the charges that were brought, the decision by the prosecutor of which charges to bring, rather than the sentence that was imposed. I don't understand you. There's a battery, and the judge thinks three years is too short a sentence for that battery. Despite the fact that three and a half years was the maximum sentence. Why does he care about that? He doesn't have to agree with the sentencing decisions of a state. It's perfectly natural to think that some sentencing limit is too low. No, our position is we've never argued that he had to agree with the sentencing decision, just that his comments suggest that he misunderstood the options available to the state court. I don't see why you think there's any misunderstanding. And that is based on... Someone just says, that sentence is awfully low for this battery. I don't understand why that's a comment about statutory ceilings. Because the judge was questioning the court's judgment rather than the prosecutor's decision on what charges to bring. I think if the judge was under the impression that this particular crime called for a longer sentence, the more likely reaction would have been to question the prosecutor's decision on what charge to bring rather than... Well, it's bound up in the sentence that was meted out in state court. The maximum penalty in state court for this stabbing was driven in large part by the manner in which it was charged. There were any number of state crimes that could have been charged from this fact pattern. Correct. Many of which carry a longer sentence than three and a half years in. Correct. And the court's comments just suggest that it was questioning the state court's decision rather than the decision by the prosecutor of what charges to bring. And I see that I've interrupted my rebuttal time, so I will reserve the rest of my time. Okay. Thank you, Mr. Mullins. Mr. Lipscomb? May it please the court, counsel, I'm Bill Lipscomb. I'm from Milwaukee with the U.S. Attorney's Office. I think Judge Sykes has it right. I mean, it's just fairly straightforward. The district court was entitled to read the record differently, to see it different than the prosecutor before him, the defense attorney before him, and the state court that had looked at at least part of the facts that were relevant to the revocation. Big picture, this defendant was sentenced to 24 months consecutive on the federal case on a guideline range of 51 to 63 months. The court was concerned about the history and characteristics of the defendant, particularly his criminal history. He had a series of violent arrests, firearm possessions, and the very violent offense that was before the court in the district or in the state court, which was the core violation before the court. The court was entitled to see it differently than the parties did. In a sentence of 24 months, there's no basis here for this court to find that that sentence was plainly unreasonable, which really is the core end-of-the-day standard here. We'd ask you to affirm. Okay, thank you, Mr. Lipscomb. Mullins, anything further? Just based on one comment the government made, the test isn't whether the sentence itself is plainly unreasonable, but whether the process by which the district court arrived at the sentence was a procedural error, which is the issue that we're raising. Okay, thank you, Mr. Mullins. And you were appointed, were you not? Yes. Well, we thank you for your efforts. Thank you. I'm going to ask you a question. Thank you, Mr. Lipscomb, as well.